09-0463-cv
Powell v. Waterbury Police Dep't.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

PRESENT:
             AMALYA L. KEARSE,
             ROBERT A. KATZMANN,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*

_____

Clifton Powell,

          *Plaintiff-Appellant,*

          v.                                   09-0463-cv

Waterbury City Police Deptartment,

          *Defendant,*

D'Amato, Off'cr, I/O,

          *Defendant-Appellee.*[*]

_____

_____

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

FOR APPELLANT:          Clifton Powell, *pro se*, Waterbury, CT.

FOR APPELLEE:           Cheryl E. Johnson, Law Office of Cheryl E.
                        Johnson, Waterbury, CT.


Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court are **AFFIRMED**.

Plaintiff-Appellant Clifton Powell, *pro se*, appeals from the order of the United States District Court for the District of Connecticut (Chatigny, *J.*), denying his cross-motion for summary judgment, and its judgment, pursuant to a jury verdict, in favor of the Appellee. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.   Summary Judgment

We decline to review the district court's order denying Appellant's cross-motion for summary judgment. *See Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 199 (2d Cir. 2004) ("[T]he post-trial appeal of a denial of summary judgment will not ordinarily lie because the district court's judgment on the verdict after a full trial on the merits supersedes the earlier summary judgment proceedings.") (internal quotation marks and alterations omitted).

2

## II. Jury Verdict

As an initial matter, we note that Appellant is responsible for providing the necessary transcripts to this Court, *see* Fed. R. App. P. 10(b), and this Court has the authority to dismiss an appeal when the failure to provide the transcripts prevents meaningful appellate review, *see Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam). However, dismissal is not mandatory, and we may consider issues on appeal if appellate review is possible without the use of transcripts. *See Savard v. Marine Contracting Inc.*, 471 F.2d 536, 543 (2d Cir. 1972).

Here, the partial transcripts before this Court are sufficient to permit review of Appellant's claims that the jury charge was improper and that the evidence was insufficient to support the verdict. However, we find those claims to be without merit. Where, as here, a party does not object to a jury instruction, we "will reverse where a plainly erroneous instruction misapplies the law as to a core issue in the case resulting in the substantial prejudice of the party challenging the instruction on appeal." *Latsis v. Chandris, Inc.*, 20 F.3d 45, 50 (2d Cir. 1994). Appellant has not shown any misapplication of law; moreover, the district court's characterization of Appellant's theory of the case was consistent with the one Appellant claims his attorney advanced.

In reviewing the sufficiency of the evidence in support of a jury verdict, we examine the evidence in the light most favorable

3

to the party in whose favor the jury decided, drawing all reasonable inferences in the winning party's favor. *See Gronowski v. Spencer*, 424 F.3d 285, 291 (2d Cir. 2005). "In so doing, we cannot weigh conflicting evidence, determine the credibility of witnesses, or substitute our judgment for that of the jury." *Id.* at 292. We "will overturn a verdict only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the [appellant] that reasonable and fair minded men could not arrive at a verdict against [the appellant]." *Id.* (internal quotation marks omitted).

Although Appellant suggests that his rights were violated because, *inter alia*, Appellee entered onto Appellant's private property, Appellee testified that in fact the vehicle was parked at least in part on public property, blocking the sidewalk and forcing pedestrians to walk in the street and risk being struck by vehicles rounding the corner. Appellee also testified that the vehicle itself posed an additional safety hazard because of jagged glass in the window frame. We find that Appellee's trial testimony was sufficient evidence to support the jury's finding that Appellee did not violate Appellant's due process rights because Appellee: (1) was entitled to take the vehicle into custody immediately as a safety hazard pursuant to Connecticut

4

General Statutes § 14-150(b); (2) determined in good faith pursuant to § 14-150(d), that, based on his experience and training, the vehicle appeared abandoned, was worth less than $500, and was unusable based in part on the condition in which he found it; (3) made the determination of abandonment on September 27, 2004, causing title to immediately vest in the municipality when the vehicle was taken into custody;[**] (4) was not personally involved in providing the notice of the vehicle's disposition required by § 14-150(d); and (5) had no reason to know of Appellant's asserted ownership interest in the vehicle. The credibility of Appellee's testimony was an issue for the jury and its assessment cannot be second-guessed by this Court. *See Gronowski*, 424 F.3d at 292.

We do not consider Appellant's claims, raised for the first time on appeal, regarding infringements on his privacy, "criminal destruction," negligence, and malpractice. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

For the reasons stated above, the judgment of the district

---

[**] Insofar as Appellant argues with respect to the denial of summary judgment that the documentation of the abandonment determination should have been filed prior to towing the vehicle, that argument, even liberally construed as challenging the sufficiency of the trial evidence, is unavailing because such a filing is not a statutory requirement under § 14-150(d).

5

court is **AFFIRMED.**   The pending motion for an order that this civil case be acknowledged is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

6